```
        IN THE UNITED STATES DISTRICT COURT
        FOR THE SOUTHERN DISTRICT OF ALABAMA
                   NORTHERN DIVISION
```

| | |
|---|---|
| CAROL TUBBS, | * |
| | * |
|    Plaintiff, | * |
| | * |
| vs. | *  CIVIL ACTION NO. 15-00597-B |
| | * |
| KILOLO KIJAKAZI, | * |
| Acting Commisioner of | * |
| Social Security, | * |
| | * |
|    Defendant. | * |

## ORDER

This action is before the Court on Petitioner William T. Coplin's amended motion for attorney's fees pursuant to 42 U.S.C. § 406(b) (Doc. 41). Upon consideration of the motion and all other pertinent portions of the record, and for the reasons set forth below, the Court finds that the amended motion for attorney's fees (Doc. 41) is due to be **GRANTED,** the order granting Petitioner Coplin's prior motion for attorney fees under 42 U.S.C. § 406(b) (Doc. 39) is due to be **WITHDRAWN,** and the judgment awarding attorney's fees in the sum of $13,846.73 under § 406(b) (Doc. 40) is due to be **VACATED**.

The record reflects that Plaintiff Carol Tubbs hired Petitioner Coplin to represent her in connection with her claim for supplemental security income in July 2012. (Doc. 13 at 93; Doc. 35-1). In November 2015, Tubbs, through her attorney Coplin,

filed the instant action seeking judicial review of the Commissioner of Social Security's decision denying her claim for supplemental security income.  (Doc. 1).  On March 27, 2017, this Court ordered that the Commissioner's decision be reversed and remanded for further administrative proceedings.  (Docs. 27, 28).  On May 14, 2021, following remand, an Administrative Law Judge rendered a fully favorable decision finding that Tubbs had been disabled since May 10, 2019.  (Doc. 35-2).

On July 16, 2021, the Social Security Administration sent an award notice advising that the past-due benefits owed to Tubbs totaled $86,514.00.[1]  (Doc. 35-3).  On August 16, 2021, Coplin filed a motion for attorney's fees pursuant to 42 U.S.C. § 406(b).  (Doc. 35).  In that motion, Coplin requested attorney's fees under § 406(b) in the amount of $13,846.73, based on the information provided by the Social Security Administration that Tubbs' past-due benefits totaled $86,514.00.[2]  (Id.).

---

[1] The July 2021 award notice indicated that Tubbs was entitled to back payments dating back to November 2011.  (Doc. 35-3 at 2-3).

[2] Attorneys representing successful claimants in Social Security appeals may obtain attorneys' fees under three statutory provisions.  First, 42 U.S.C. § 406(a) provides the exclusive avenue for attorneys seeking fees for successful work performed at the administrative level.  Second, 42 U.S.C. § 406(b) permits district courts to award reasonable attorneys' fees for successful work performed in federal court.  Third, the Equal Access to Justice Act ("EAJA") also permits courts to award reasonable attorneys' fees for successful work performed in federal court, provided that the Commissioner's position was not "substantially justified" and there are no "special circumstances" that would

On September 7, 2021, the Court entered an order granting Coplin's motion for attorney's fees in the sum of $13,846.73 under § 406(b). (Doc. 39). On September 20, 2021, the Court entered a judgment awarding attorney's fees in the amount of $13,846.73 pursuant to § 406(b). (Doc. 40).

On March 16, 2022, Coplin filed the instant amended motion for attorney's fees pursuant to 42 U.S.C. § 406(b). (Doc. 41). In the instant motion, Coplin states that the award notice issued by the Social Security Administration on July 16, 2021, which formed the basis for his prior motion for attorney's fees under § 406(b), was incorrect. (Id. at 1). Coplin attaches a revised award notice dated March 11, 2022, which indicates that Tubbs'

---

make such an award unjust. 28 U.S.C. 2412(d)(1)(A). Fees obtained under the first two sections are drawn from the past-due benefits awarded to the claimant, but "EAJA fees are paid from agency funds." Jackson v. Comm'r of Soc. Sec., 601 F.3d 1268, 1271 (11th Cir. 2010). The EAJA also contains a Savings Provision, which provides that "where the claimant's attorney receives fees for the same work under both [406(b) and the EAJA], the claimant's attorney refunds to the claimant the amount of the smaller fee." Id. (quotation omitted).

The contingent fee agreement between Tubbs and Coplin provided for attorney's fees of up to 25 percent of all past-due benefits following a favorable decision after a federal court remand. (See Doc. 13 at 93; Doc. 35-1). Pursuant to the fee agreement, Coplin moved for attorney's fees under § 406(b) in the amount of $13,846.73. (Doc. 35). This amount represented the difference between 25 percent of the past-due benefits listed in the July 2021 award notice ($21,628.50), and the amount of fees Coplin had requested under § 406(a) for work performed at the administrative level ($6,000) combined with the fees already awarded under the EAJA ($1,781.77). (See id.).

3

past-due benefits total $20,351.00,[3] as opposed to the $86,514.00 figure listed in the prior award notice. (Doc. 41-1). In light of the significantly smaller amount of past-due benefits listed in the updated award notice, Coplin states that "no attorney fee is payable" under § 406(b). (Doc. 41 at 1).

Based on the foregoing, including Petitioner Coplin's representation that no attorney's fee is payable under 42 U.S.C. § 406(b) in light of the updated award notice dated March 11, 2022, the amended motion for attorney fees (Doc. 41) is **GRANTED**. The Court's order dated September 7, 2021 (Doc. 39) is hereby **WITHDRAWN**, and the judgment entered September 20, 2021 (Doc. 40) is hereby **VACATED**.

**DONE** this **10th** day of **April, 2023.**

/s/ SONJA F. BIVINS
**UNITED STATES MAGISTRATE JUDGE**

---

[3] The March 11, 2022 award notice indicates that Tubbs is entitled to back payments for the period from June 2019 to July 2021. (Doc. 41-1 at 1).